IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## STATE OF TENNESSEE v. EDDIE LEE TAYLOR

**Appeal from the Circuit Court for Madison County**
**No. 00-192      Roy B. Morgan, Jr., Judge**

---

**No. W2001-01077-CCA-R3-CD - Filed April 4, 2002**

---

The Defendant, Eddie Lee Taylor, was convicted by a jury of aggravated robbery. He was subsequently sentenced as a Range II multiple offender to sixteen years in the Department of Correction. In this appeal as of right, the Defendant contends that the evidence is not sufficient to support his conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Clayton F. Mayo, Jackson, Tennessee, for the appellant, Eddie Lee Taylor.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Ms. Carolyn Curtis Brand testified that she was the manager of the Star Beauty Supply store in Jackson, Tennessee. She opened the store at about 9 o'clock on the morning of August 16, 1999. At about 9:30, a man Ms. Brand had never seen before entered the store and began looking around. When she asked him if she could help him, he replied that he had forgotten what he had come in for. A few minutes later, the man returned and asked to use the phone, explaining that he had car trouble. Ms. Brand allowed the man to use the phone, and he then left. A short time later, the man returned to the store. Ms. Brand identified the man as the Defendant, and stated that he had been wearing a blue ball cap, a blue t-shirt, and blue jeans.

Upon his third trip into the store, Ms. Brand testified, the Defendant selected an item from a shelf and laid it on the counter. She rang up the purchase on the cash register and told him the price. At that point, she stated, the Defendant produced a gun and said, "Check this out." Ms. Brand

described the gun as a black automatic. The Defendant then came around the counter and told Ms. Brand to lock the door, which Ms. Brand did. The Defendant then ordered Ms. Brand to the back of the store into the storage room, and followed her there.

The Defendant told Ms. Brand to stay in the back, and he returned to the front of the store. He then returned to the storage room and ordered Ms. Brand to take off her clothes. Ms. Brand refused, and the Defendant again went to the front of the store. Ms. Brand heard the cash register drawer open. Ms. Brand testified that there was approximately $250 in the cash register. The Defendant again came to the storage room, and again ordered Ms. Brand to undress. When she again refused, the Defendant became nervous and left the store. Ms. Brand then returned to the front counter, pushed the silent alarm button, and went up the street to the drug store to call the police. As she left the store, she saw the Defendant's back as he was headed toward the TNE Merchandise store.

Loye Costner testified that he was the pharmacist in the drug store from which Ms. Brand called the police. He stated that the Defendant had been in his store earlier that morning, and that Mr. Costner had not recognized him. Mr. Costner spoke with the Defendant, and stated that the Defendant was vague about what he wanted. The Defendant then left and Mr. Costner saw him walking in the direction of Star Beauty Supply. Mr. Costner testified that the Defendant had been wearing blue jeans, and that he was short.[1] Mr. Costner testified that Ms. Brand came into his store to call the police about ten to fifteen minutes after the Defendant left his store.

Mr. Steve Sherrod testified on behalf of the Defendant, explaining that he owned and operated a store across the street from Star Beauty Supply. Mr. Sherrod testified that he did not see the Defendant enter the Star Beauty Supply store, and did not notice anything out of the ordinary until the police arrived. Mr. Sherrod admitted on cross-examination that he did not keep a watch on the Beauty Supply store, and that he would not necessarily have seen people entering and/or leaving the store.

Mr. William Roan testified as the latent fingerprint examiner for the Jackson Police Department. He explained that he had obtained two fingerprints which were suitable for comparison purposes from the item that the Defendant placed on the Beauty Supply store counter. He stated that neither of these prints matched the Defendant's. He stated on cross-examination that the item appeared to have other fingerprints on it, but that they were not suitable for comparison purposes.

The Defendant testified, stating that he had "never been in Star Beauty Supply before in [his] life." The Defendant testified that he had been in the Jackson unemployment office that day, and counsel entered proof that the Defendant had checked into the unemployment office at 12:34 that afternoon.

---

[1]The Defendant's presentence report indicates that the Defendant is five feet five inches tall.

The only issue raised in this appeal is the sufficiency of the evidence. Specifically, the Defendant contends that, "[b]ecause no direct physical evidence against [the Defendant] was discovered or presented at trial, and because the only eyewitness testimony presented at trial was impeached and contained inaccuracies, inconsistencies, and contradictions that are highly improbable and unsatisfactory, reasonable doubt of [the Defendant's] guilt exists as a matter of law and the verdict should be overturned."

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

Aggravated robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear, accomplished with a deadly weapon. See Tenn. Code Ann. § 39-13-402(a)(1). The Defendant does not contend that Ms. Brand was not the victim of an aggravated robbery, but contends only that the proof of his identity as the perpetrator is not sufficient.[2] We respectfully disagree. Ms. Brand identified the Defendant at trial as the man who entered the Star Beauty Supply store, produced a gun, and ordered her to remain in the back room of the store while he opened the cash register. She described the perpetrator at trial as "[h]is face was round. He had a prominent nose. The eyes was kind of squinty. He had full lips. Face was clear and no hair on his face." The jury was able to compare this description with the Defendant's

---

[2] We note that the trial court properly instructed the jury as required under State v. Dyle, 899 S.W.2d 607, 612 (Tenn. 1995), where eyewitness identification testimony is at issue.

actual appearance as he sat in the courtroom. On cross-examination, defense counsel was able to establish that Ms. Brand had made some prior inconsistent statements about the circumstances of the robbery. These did not involve, however, the Defendant's identity or description. Mr. Costner also identified the Defendant at trial as the man who was in his drug store a few minutes before Ms. Brand came in to report the robbery, and the jury was also able to determine whether Mr. Costner's description of the Defendant as "short" was accurate.

In essence, the Defendant is asking this Court to overturn the jury's determination that Ms. Brand's testimony was more credible than the Defendant's. This, we cannot do. As this Court has previously noted:

> The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. See State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993). Inconsistency, inaccuracy and omissions in the description of a defendant by a witness who is otherwise able to positively identify the defendant are questions for the jury to consider in determining the weight to be given the testimony. See generally State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Further, although inconsistencies or inaccuracies may make the witness a less credible witness, the jury's verdict will not be disturbed unless the inaccuracies or inconsistencies are so improbable or unsatisfactory as to create a reasonable doubt of the appellant's guilt.

State v. Radley, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999).

The State's witnesses were firm and unwavering in their identification of the Defendant. The lack of physical evidence, and the minor inconsistencies in Ms. Brand's testimony about matters not involving the Defendant's identity, do not create a reasonable doubt as to the Defendant's guilt so as to require this Court to overturn the jury's verdict. This issue is therefore without merit.

Although not raised by either party in this appeal, we take this opportunity to note the trial court's failure to instruct the jury on the lesser-included offense of robbery. Prior to the trial judge issuing his charge, he spoke to the prosecutor and defense counsel about the necessity of charging robbery. Both attorneys agreed that this was an "all or nothing" case, given the State's undisputed proof that a gun was involved, and given the Defendant's theory that he was not the perpetrator, regardless of the crime committed. Accordingly, the trial court, together with both lawyers, determined that a charge on the lesser-included offense of robbery was not necessary.

Our supreme court has recently stated that, "[a]s a general rule, evidence sufficient to warrant an instruction on the greater offense also will support an instruction on a lesser offense under part (a) of the Burns test." State v. Allen, ___ S.W.3d ___, ___, 2002 Tenn. LEXIS 76, *11-12 (Tenn. 2002). Robbery is a lesser-included offense under part (a) of the Burns test because all of its statutory

-4-

elements are included within the statutory elements of aggravated robbery. See State v. Burns, 6 S.W.3d 453, 466 (Tenn. 1999); Tenn. Code Ann. §§ 39-13-401(a), 39-13-402(a)(1). Thus, "[i]n proving the greater offense the State necessarily has proven the lesser offense because all of the statutory elements of the lesser offense are included in the greater." Allen, __ S.W.3d at __, 2002 Tenn. LEXIS 76, at *12. Moreover, the Allen court admonished that "[t]he trial court must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense. The evidence, not the theories of the parties, controls whether an instruction is required." Id., __ S.W.3d at __, 2002 Tenn. Crim. App. LEXIS 76, at *11. We must conclude, then, that the trial court erred in failing to instruct the jury on the lesser-included offense of robbery.

However, reversal of the Defendant's conviction and remand of this matter for a new trial is not required where "it appears beyond a reasonable doubt that the error did not affect the outcome of the trial." Allen, __ S.W.3d at __, 2002 Tenn. LEXIS 76, at *22. In making this determination, this Court must "conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." Id. If this Court finds at the conclusion of this examination that the proof of the element distinguishing the greater offense from the lesser was uncontested and supported by overwhelming and uncontroverted evidence, a determination that the error in failing to give an instruction on the lesser-included offense was harmless beyond a reasonable doubt is appropriate. See Allen, __ S.W.3d at __, 2002 Tenn. LEXIS 76, at *17-18.

In this case, the proof at trial that the perpetrator of the aggravated robbery was armed with a gun was uncontested and uncontroverted, and supported by the eyewitness testimony of the victim. The Defendant's theory of defense was misidentification: not that he committed the offense without a deadly weapon. In essence, the Defendant conceded that the perpetrator of the offense was armed. Accordingly, we find that the trial court's error in failing to instruct the jury on the lesser-included offense of robbery was harmless beyond a reasonable doubt.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE