**STATE of Tennessee, Appellee,**

v.

**Herbert Lee STRICKLAND, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 9, 1993.

Permission to Appeal Denied by Supreme Court Feb. 22, 1994.

Ardena J. Garth, District Public Defender, Karla G. Gothard, Executive Asst. Dist. Public Defender, Donna Robinson Miller, Asst. Dist. Public Defender, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Amy L. Tarkington, Asst. Atty. Gen., Crim. Justice Div., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., J. Cris Helton and Bates W. Bryan, Jr., Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

SUMMERS, Judge.

The appellant, Herbert Lee Strickland, was convicted of two counts of aggravated robbery. The trial court sentenced him as a Range I, standard offender to ten years on each conviction with the sentences running concurrently. Appellant subsequently filed a motion for new trial which was denied by the trial court. He now appeals, contesting the sufficiency of the evidence and the length of his sentences.

On July 15, 1991, Barbara Robinson and Wade Kirk were standing at a bus stop in Chattanooga, Tennessee, when a man wearing an overcoat approached them from across the street. He was carrying a sawed-off shotgun and as he neared the victims he told them to "up it." The man then pointed his gun at the victims and demanded their valuables. He took Ms. Robinson's pocketbook containing her billfold, rings, necklace and $410.00. He also took Mr. Kirk's watch and wallet. After receiving these valuables, the robber turned around and began running.

Lieutenant Ronald David Lee of the Chattanooga Police Department soon arrived at the scene. The victims gave Lt. Lee a description of the assailant. They described him as being a black male, twenty to twenty-one years old, five-foot five to five-foot six inches tall, weighing 140 to 145 pounds, black hair, short on the sides but with a high flattop on the top, wearing beige cutoff shorts, white T-shirt and a mid-thigh length light colored coat. Additionally, Lt. Lee remembered that Ms. Robinson described the robber as having "a dark tooth or a tooth with a cap or something."

On July 22, 1991, Detective James Jackson of the Chattanooga Police Department conducted a lineup. The lineup contained six individuals including the appellant. Mr. Kirk could not identify anyone from the lineup; however, Ms. Robinson identified the appellant. Again, at trial, Ms. Robinson identified the appellant as the robber.

In appellant's first issue, he argues that the evidence was insufficient to support a finding of guilt for the offenses of aggravated robbery.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Williams*, 657 S.W.2d 405 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. *State v. Grace*, 493 S.W.2d 474 (Tenn.1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan*, 698 S.W.2d 63 (Tenn.1985); T.R.A.P. 13(e). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield*, 676 S.W.2d 542 (Tenn. 1984); *Byrge v. State*, 575 S.W.2d 292 (Tenn. Crim.App.1978).

Appellant contends that the evidence presented at trial was insufficient to demonstrate that he was the perpetrator of the robberies. He argues that Barbara Robinson's identification of him, standing alone, is not enough. We disagree. It is well-established that the identification of a defendant as the person who committed the offense for which he is on trial is a question of fact for the determination of the jury upon consideration of all competent proof. *State v. Crawford*, 635 S.W.2d 704, 705 (Tenn.Crim.App. 1982). As this Court held in *State v. Williams*, 623 S.W.2d 118, 120 (Tenn.Crim. App.1981), the testimony of a victim, by itself, is sufficient to support a conviction. In this case, Barbara Robinson identified appel-

lant as the perpetrator of the crimes. Such testimony is sufficient to support appellant's convictions.

■ As a sub-issue, appellant asserts that Ms. Robinson's in-court identification was tainted by an impermissibly suggestive and improper lineup procedure. He argues that the convicting evidence is therefore insufficient because Ms. Robinson provided the only identification of him as the perpetrator of the robberies.

Appellant concedes that he filed no motion to suppress the in-court identification by the witness. Appellant's failure to raise this issue pretrial constitutes a waiver of his right to now attack the lineup procedure on appeal. Rule 12(b)(3) of the Tennessee Rules of Criminal Procedure provide that a motion to suppress must be raised prior to trial and that failure to do so constitutes waiver of those issues. *State v. Burtis*, 664 S.W.2d 305, 310 (Tenn.Crim.App.1983); *State v. McCray*, 614 S.W.2d 90, 94 (Tenn.Crim.App. 1981).

Notwithstanding waiver, we elect to address this issue on the merits.

■ Due process is violated if an identification procedure was so suggestive as to give rise to "a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). In determining whether the pretrial identification procedure was unreasonably suggestive, we apply the test described by the United States Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In *Neil*, the Court set out five factors to be considered in determining whether an identification is reliable enough to withstand a due process attack despite the suggestiveness in the procedure employed. These factors are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the time between the crime and the confrontation.

■ The degree of reliability of the identification, as indicated by these factors, should be assessed in light of the suggestiveness of the identification procedure and the totality of the circumstances to determine whether a violation of due process has occurred. *Sloan v. State*, 584 S.W.2d 461, 466 (Tenn.Crim.App.1978).

■ The evidence suggests that Ms. Robinson had ample opportunity to observe the assailant during the commission of the offenses. The robberies occurred at approximately 7:00 a.m., giving her sufficient light to make observations. Also, Ms. Robinson stated that the robber stood about one foot away from her while the robberies occurred. Such close proximity certainly aided her in viewing the assailant.

Little evidence was presented regarding Ms. Robinson's degree of attention at the time of the crimes. She did admit during cross-examination that she had been frightened. She also stated that she was "hollering and crying" while Wade Kirk spoke with the police. Regarding the accuracy of her prior description, the police report reveals a detailed description of the offender, including his approximate height, weight, and age, his clothing, the fact that he had a darkened or broken tooth in the front of his mouth and a bald spot on the back of his head. Lt. Lee stated that the description he received came equally from both witnesses and that they largely agreed on the robber's appearance. Appellant, however, argues that he does not fit the description given by the witnesses. He notes that he is approximately twelve years older than the age listed on the police report and has a mustache and beard, while the witnesses described the robber as being clean-shaven.

The lineup identification took place approximately one week after the crime. As to the certainty demonstrated by the witness at the confrontation, there is little evidence except for Ms. Robinson's testimony that she was able to identify the assailant at the lineup because she would never forget how he had stared at her during the robbery.

We find there to be a generally high level of reliability in the *Neil* factors. We now assess this reliability in light of the sugges-

tiveness of the identification procedures and the totality of the circumstances.

█ Appellant asserts that the lineup procedure was highly suggestive because he was the only individual in the lineup of the approximate height of the robber. The others ranged from five-foot nine to six-foot one. Additionally, he was the youngest member of the lineup at thirty-three; the other individuals ranged from thirty-seven to forty-eight years of age. We do not find these factors alone to constitute an improperly suggestive identification procedure.

Appellant further submits that Ms. Robinson knew several of the individuals in the lineup. During cross-examination, Ms. Robinson stated that she had "seen some of them" before "standing on the corner or something like that." She also said that she had never seen the man that had robbed her before the incident in question. This, the appellant argues, created an impermissibly suggestive lineup procedure. We agree with appellant that Ms. Robinson's recognition of some of the individuals in the lineup narrowed its focus and created, although unintended, a suggestive procedure. Despite this, we do not find that the witness' identification violated due process. Based upon the strength of the *Neil* factors, a high degree of reliability existed in the victim's identification. As such, we believe that the identification of appellant was based on the victim's observations at the time of the robbery and not induced by the suggestiveness of the lineup procedure. This sub-issue is overruled.

█ Appellant next argues that his sentences are excessive. Appellant was convicted of two counts of aggravated robbery from a single incident and faced sentences of eight to twelve years as a Range I, standard offender. The court found certain enhancement factors and sentenced appellant to ten years for each offense, two years beyond the minimum in the range.

█ In reviewing the length of a sentence, this Court conducts a *de novo* review on the record with the presumption that the sentences imposed by the trial court are correct. T.C.A. § 40–35–401(d). This pre-sumption of correctness is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

█ During the sentencing hearing, the trial court enhanced appellant's sentences based upon a number of factors. First, the court found that appellant had a previous history of criminal convictions and criminal behavior, including drug offenses and burglary and robbery convictions. We find that the court properly considered appellant's prior convictions in enhancing his sentence. T.C.A. § 40–35–114(1).

█ As a second enhancement factor, the trial court found that appellant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. T.C.A. § 40–35–114(8). At the sentencing hearing, appellant admitted that while he was out on bond on one case and serving probation on another, he was arrested for the two aggravated robbery charges. Again, we agree with the trial court that this should apply as an enhancement factor.

█ The trial judge also held that appellant had no hesitation about committing a crime when the risk to human life was high. T.C.A. § 40–35–114(10). We believe that the court improperly applied this enhancement factor. The use of T.C.A. § 40–35–114(10) would constitute double enhancement because appellant's convictions for aggravated robbery involved the use of a weapon.

█ The trial court also applied a non-statutory enhancement factor stating that it would consider the fact that appellant "has chosen a life which is devoid of active and constructive employment for the most part, that he has not shown any responsibility, and that he has failed to support his children." Although we agree with the judge's observations about appellant, we note that nonstatutory factors cannot be used to enhance. *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim.App.1990); T.C.A. § 40–35–114.

Despite striking two of the four enhancement factors used by the trial court, we believe that the ten-year sentences imposed are correct. Appellant filed no mitigating factors and the trial court found none. The presence of the two enhancement factors clearly supports the trial court's findings in regard to the length of appellant's sentences.

We affirm the judgment of the trial court.

PEAY, J., and JOHN K. BYERS, Senior Judge, concur.