# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

January 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9702-CR-00052 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY, SR., |
| QUENTIN LEWIS, | ) | JUDGE BY DESIGNATION |
| | ) | |
| Appellant. | ) | (Aggravated Robbery) |

**FOR THE APPELLANT:**

**A.C. WHARTON, JR. (Of Counsel)**
Shelby County Public Defender

**TONY N. BRAYTON (On Appeal)**
**JUANITA PEYTON (At Trial)**
Assistant Public Defenders
201 Poplar Avenue, Suite 201
Memphis, TN 38103-1947

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**LEE V. COFFEE**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The defendant, Quentin Lewis, was convicted by a Shelby County jury of aggravated robbery. He was sentenced as a Career Offender to thirty (30) years incarceration. On appeal, he challenges the sufficiency of the convicting evidence. After a thorough review of the record, we affirm the judgment of the trial court.

## FACTS

On October 28, 1995, Jacqueline Green was working as the manager of Payless Shoe Store in Memphis. She was standing at the cash register when she noticed a man enter the store. The man was identified at trial as the defendant. Defendant looked around the store for approximately 20 minutes and approached the register area carrying some hiking boots. He then walked to the side of the counter, displayed a "hook-billed knife" and demanded that Green empty the contents of the cash register.

Because Green had previously taken most of the money out of the register and placed it in a safe, only $8.75 remained in the drawer. She gave the defendant one (1) $5 bill, two (2) $1 bills and seven (7) quarters. In the process of emptying the register drawer, Green was able to trigger two silent alarms alerting the police that a robbery was in progress. Defendant left the store with the money and the boots.

After the defendant left, Green walked outside to determine which direction he was traveling. The police arrived shortly thereafter, and Green gave them a description of the perpetrator.

Within minutes, Officers John Hughes and Regina Smith of the Memphis Police Department heard a radio broadcast describing the suspect of the robbery. Because they were patrolling in the immediate area, Hughes and Smith began looking for the suspect. Approximately five minutes later, they spotted the defendant, who fit the description of the robbery suspect. He was standing in the

back of an apartment complex attempting to enter the back door of an apartment.

Hughes and Smith took defendant into custody. Pursuant to a search, they discovered a knife with a curved blade in his pocket. They further found $8.75 on his person, which consisted of one (1) $5 bill, two (2) $1 bills and seven (7) quarters. They brought defendant back to Payless in their squad car. While defendant was sitting in the back of the car, Green positively identified him as the man who robbed the store.

The jury found defendant guilty of aggravated robbery. The trial court sentenced him as a Career Offender to thirty (30) years. From his conviction, defendant brings this appeal.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends that the evidence is insufficient to support his conviction. He maintains that the "showup" identification procedure utilized by the police makes the eyewitness identification untrustworthy. He further claims that the state's only eyewitness, Jacqueline Green, was present in the courtroom when he was identified as "Quentin Lewis" by third persons prior to her testifying at trial.[1] Therefore, he asserts that the eyewitness identification testimony is insufficient to justify a reasonable trier of fact finding him guilty beyond a reasonable doubt.

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn

---

[1] The defendant does not contest the admissibility of the eyewitness identification at trial. He simply alleges that the "showup" identification and the identification of the defendant in the courtroom prior to the victim's testimony are relevant factors in determining whether the evidence is sufficient to support the verdict.

therefrom. Id. This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

In the present case, Green testified that she was certain that defendant was the same man who robbed her on October 28. She stated that she observed him for approximately 20 minutes prior to the robbery and was able to get a good look at his face. He was not wearing anything on his head that could have hindered Green's view of his face before or during the robbery. The identification of a defendant as the person who committed the offense is a question of fact for the jury to determine. State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). The testimony of the victim identifying the defendant as the perpetrator of the crime is sufficient, in and of itself, to support a conviction. Id.

Furthermore, pursuant to defendant's arrest, the police recovered a hook blade knife and $8.75 in the exact denominations as that taken from the store. Therefore, we find that the evidence is sufficient to support defendant's convictions.

This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**PAUL G. SUMMERS, JUDGE**