IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2001

## STATE OF TENNESSEE v. JAMES MCARTHUR

**Direct Appeal from the Criminal Court for Shelby County
Nos. 98-06429 and 98-06430     W. Otis Higgs, Jr., Judge**

_____

**No. W2000-00396-CCA-R3-CD - Filed February 13, 2001**

_____

Defendant, James McArthur, appeals his two jury convictions for aggravated robbery for which he received concurrent eight-year sentences. He contends on appeal that the evidence was insufficient to support the verdicts, and he was deprived of a fair and impartial jury. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Alicia A. Howard, Memphis, Tennessee, for the appellant, James McArthur.

Paul G. Summers, Attorney General and Reporter; Laura E. McMullen, Assistant Attorney General; William L. Gibbons, District Attorney General; and Camille R. McMullen, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant was convicted by a Shelby County jury of two counts of aggravated robbery and received concurrent sentences of eight years for each offense. He now claims on appeal the evidence was insufficient to support the guilty verdicts, and he was deprived of an impartial jury due to the failure of a juror to disclose during *voir dire* that she had been the victim of an attempted robbery. After reviewing the record, we find no merit in these issues and affirm the judgment of the trial court.

### FACTS

At approximately 8:30 p.m. on February 2, 1998, Anthony Caldwell and Marco Ross were walking to Ross's grandmother's residence. They were accosted by a man wielding a pistol who demanded their money and jewelry. The perpetrator took a necklace and approximately $50 from

Caldwell. The perpetrator took a watch, necklaces and approximately $100 from Ross. Both victims described the perpetrator as having gold teeth, wearing a dark jumpsuit or overalls, and wearing a blue face mask that partially covered his face. Both victims knew the defendant and recognized the defendant as the perpetrator.

Subsequently, both victims advised the authorities that the defendant was the perpetrator and identified him from photographs. The defendant was arrested on February 20, 1998, and both victims were summoned to the scene of the arrest. Both identified the defendant as the perpetrator. Furthermore, Ross identified the watch worn by the defendant as the watch that was taken from him in the robbery.

At trial both victims identified the defendant in the courtroom as the perpetrator of the armed robbery. The defendant did not testify at trial and offered no evidence.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence was insufficient to establish his guilt. Specifically, defendant contends that the state did not establish beyond a reasonable doubt his identity as the perpetrator.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Viewing the evidence in a light most favorable to the state, the evidence overwhelmingly establishes the guilt of the defendant. Defendant attacks the reliability of the identification of the defendant as the perpetrator alleging the position of the perpetrator, the street lighting, and the fact that the robbery was at night made it impossible for the victims to identify the defendant. However, identification of the defendant as the person who committed the offense is a question of fact for determination by the jury, and the identification testimony of a victim is alone sufficient to support a conviction. State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). Here, both victims knew the defendant from the neighborhood; both victims recognized the defendant as the perpetrator

at the time of the offense; both victims immediately reported to the authorities that the defendant was the perpetrator; both victims identified photos of the defendant; both victims gave similar descriptions of the defendant and what he was wearing; the defendant was wearing the watch of one of the victims at the time of his arrest; and both victims identified the defendant in the courtroom as the perpetrator. The evidence was more than sufficient for the jury to conclude beyond a reasonable doubt that the defendant was the person who committed the offense.

## FAIR AND IMPARTIAL JURY

Defendant contends that one of the jurors during *voir dire* improperly failed to disclose that she had been a victim of an attempted robbery. He contends this failure deprived him of the right to a fair and impartial jury. We respectfully disagree.

The defendant is entitled to a fair trial by unbiased jurors. State v. Forbes, 918 S.W.2d 431, 451 (Tenn. Crim. App. 1995). A challenge to a juror's qualifications due to some bias or partiality toward a party may be made at any time, even after the return of the jury verdict. State v. Furlough, 797 S.W.2d 631, 652 (Tenn. Crim. App. 1990).

The record is insufficient to support defendant's allegations. Although the defendant contends a particular juror failed to reveal she had been the victim of an attempted robbery, this alleged juror was not named in the affidavits filed in support of the motion for new trial. Her name is mentioned only in the memorandum of law filed in the trial court and in the brief in this court. Although the trial court in denying the motion for new trial indicated there had been a hearing on this issue, there is no transcript of any such hearing in the record. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Accordingly, this issue is waived.

Regardless, even if we address the issue on the merits, defendant is entitled to no relief. The challenged *voir dire* was as follows:

[PROSECUTOR] McMULLEN:   Do you have anything in particular that you think would be important that should come out at this point?

JUROR:   Well, my house has been broken into twice.

McMULLEN:   Okay. Will that inhibit you in any way from being a fair and impartial juror?

JUROR:   I don't think so.

McMULLEN:   Okay. What was the result? Did they ever find anybody?

| | |
|---|---|
| JUROR: | No, they never found anything. Just did a police report. |
| McMULLEN: | Were you upset or are you going to harbor any hard feelings against the defendant because of that, or are you going to take that out on the defendant? |
| JUROR: | No. |
| McMULLEN: | You can be a fair and impartial juror? |
| JUROR: | Yes. |

Our review of the *voir dire* proceeding indicates that this juror was a replacement juror who was questioned after the excusal of previous jurors. She was never asked if she had been the victim of a crime; however, she volunteered that she had been the victim of two burglaries. She indicated this would not affect her ability to be fair and impartial. Defendant has not established that the juror gave false or misleading answers or was in any way biased. This issue is without merit.

### CONCLUSION

Upon our review of the record, we affirm the judgment of the trial court in all respects.

 

_____
JOE G. RILEY, JUDGE