# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION, 1998

STATE OF TENNESSEE,       )
                               )
        Appellee          )
                               )
vs.                            )
                               )
GREGORY WHITFIELD,      )
                               )
        Appellant      )

No. 02C01-9706-CR-00226

SHELBY COUNTY

Hon. James C. Beasley, Jr., Judge

(Aggravated Robbery;
Aggravated Assault)

**FILED**

May 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

For the Appellant:

**Tony N. Brayton**
Assistant Public Defender
201 Poplar, Suite 2-01
Memphis, TN  38103

**AC Wharton**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Janis L. Turner**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Karen Cook**
Asst. District Attorney General
Criminal Justice Complex
201 Poplar Street, Suite 301
Memphis, TN  38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Gregory Whitfield, appeals his convictions by a Shelby County jury for the crimes of aggravated robbery and aggravated assault. Following a sentencing hearing, the trial court imposed an effective twenty year sentence in the Department of Correction. In this appeal, the appellant challenges the sufficiency of the evidence supporting his convictions for both aggravated robbery and aggravated assault.

After review, we affirm.

**BACKGROUND**

The proof at trial established that the victims in this case, Yuetoi Lee and her son, Albert Lee, owned and operated the B & G Market, a neighborhood grocery located at 207 East Street, Memphis. At approximately 5:00 p.m. on July 4, 1995, a male, later identified as the appellant, entered the market carrying a paper bag. The appellant immediately approached Ms. Lee, at which time she noticed the barrel of a gun protruding from the bag. The appellant demanded that she give him "all the money." Ms. Lee, fearful for her life, complied with the demand and handed the appellant approximately $300. The appellant then pointed the gun directly at Albert Lee, who was standing nearby, and instructed Lee "not to move" or he would be shot. Prior to trial, both victims separately viewed a police photo line-up and also identified the appellant as the perpetrator.

At trial, both victims testified that they recognized the appellant because he had been in the store earlier that same day. Ms. Lee and her son identified the appellant as their assailant. The defense offered no proof. The jury returned verdicts of guilty on both indicted charges of aggravated robbery and aggravated assault.

**ANALYSIS**

When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In other words, this court will not reevaluate or reweigh the evidence brought out at trial. It is presumed that the judge or jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this court. Cabbage, 571 S.W.2d 832, 835. Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. Grace, 493 S.W.2d at 476.

In this appeal, the appellant argues that the evidence is insufficient, as a matter of law, to support both guilty verdicts. First, the appellant contends "that the eyewitness identification testimony in the present case is by itself untrustworthy" within the context of the reasonable doubt standard. The question of identity, which is a question of fact, was resolved by the jury by its verdict in favor of the prosecution. The jury was properly instructed. This court is not free on appeal to revisit this issue. The testimony of a victim identifying the perpetrator is sufficient in and of itself to support a conviction. State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn.Crim.App. 1993). Accordingly, we find this argument is without merit.

Second, the appellant challenges his conviction for aggravated assault contending that the State failed to prove that Albert Lee experienced "reasonable fear [of] imminent bodily injury." In support of this argument, the appellant relies upon the following testimony of Lee developed during cross-examination:

Q. Were you afraid while this was going on?
A. A little, but I wasn't afraid.
Q. You weren't afraid?
A. No.
Q. Okay, why weren't you afraid?
A. Because it has happened plenty of times my mom and my dad was working, see.

The appellant misconstrues the nature of the fear of imminent bodily injury required to be proven. The fear contemplated by the statute is not the fear of being robbed or the fear of the perpetrator, but the fear or reasonable apprehension of being harmed. As acknowledged by the appellant, an assault has been defined as an act which conveys to the mind of the person set upon a well grounded apprehension of personal injury or violence. State v. Jones, 789 S.W.2d 545, 550-551 (Tenn. 1990). The element of "fear" is satisfied if the circumstances of the incident, within reason and common experience, are of such a nature as to cause a person to reasonably fear imminent bodily injury. See State v. Pittman, No. 03C01-9701-CR-00013 (Tenn.Crim.App. at Knoxville, Mar. 24, 1998). Thus, the apprehension of imminent bodily harm may be inferred from the conduct of the victim following the assault. During direct testimony, Albert Lee testified ". . . - - [H]e did point a gun at me. He told me don't move. I didn't move - -." Clearly, from these facts a rational jury could have inferred that the victim's compliance with the appellant's demand not to move reasonably resulted from the imminent fear of being harmed. This issue is without merit.

Accordingly, we find the evidence sufficient to convict the appellant of both the aggravated assault of Albert Lee and the aggravated robbery of Yuetoi Lee.

4

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
WILLIAM M. BARKER, Judge


_____
JOE G. RILEY, Judge