# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE 1997 SESSION



FILED

July 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9608-CR-00281 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY JR., |
| | ) | JUDGE |
| FREDERICK JORDAN, | ) | |
| | ) | (Aggravated Robbery) |
| Appellant. | ) | |

FOR THE APPELLANT:

**A. C. WHARTON JR.**
Public Defender

**MOZELLA ROSS (at trial)**
Assistant Public Defender
201 Poplar Ave., Ste. 201
Memphis, TN 38103

**WALKER GWINN (on appeal)**
Assistant Public Defender
201 Poplar Ave., Ste. 201
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**DAVID P. SHAPIRO**
Assistant District Attorney General
201 Poplar Ave. Ste. 301
Memphis, Tennessee 38103-1947

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Frederick Jordan, appeals as of right a jury conviction of three counts of aggravated robbery. He received an effective sentence of thirty (30) years. The sole issue for review is whether the evidence is sufficient to sustain the conviction. We AFFIRM the judgment of the trial court.

**FACTS**

On December 29, 1993, Rodney Johnson was visiting the Raimey family at the McKellar Woods Apartments in Shelby County. Around 8:15 p.m. the front door was "busted open" by a man masked with a black stocking brandishing a pistol. The man told Mr. and Ms. Raimey, their daughter, and Johnson to "get down . . . it's a robbery."

Mr. Raimey was standing on the other side of the door when it burst open. As the masked man entered, Mr. Raimey noticed another man wearing a heavy, athletic-type jacket standing outside the apartment door. The second man's face was covered by his jacket which was zipped-up over his face to his eyes. The masked robber, already inside the apartment, urged the second man standing outside to follow. He then looked at Ms. Raimey, and asked, "Penny, where's my money? Where's the shit?" Mr. Raimey told the robber he had the wrong apartment, and Penny did not live there. After realizing he had the wrong place, the masked gunman proceeded to rob Mr. and Ms. Raimey. He forced them into their bedroom at gunpoint and stole over $500 worth of their valuables.

Meanwhile, Johnson, who was seated close to the front door, tried to escape to get help. In doing so, he scuffled with the second robber in the athletic-type jacket. During the conflict, the collar of the jacket covering the robber's face unzipped, and Johnson was able to see his adversary's face. The robber ultimately stole property worth over $500 from Johnson. Johnson described the second robber as 5'11', with a curly hairstyle. After viewing a photo-spread and later at trial, Johnson positively identified the defendant as the person who robbed him. He also

2

identified defendant's jacket as the same jacket worn by the robber.

After the victims' possessions had been taken, Mr. Raimey and Johnson were struck in the head by the robbers. Mr. Raimey retrieved his pistol when the robbers left and went outside and fired one shot in their direction. They fired back and Mr. Raimey retreated into the apartment to call the police.

Hospital records indicated that defendant was admitted to the Methodist South Emergency Room at 8:40 p.m., the night of the robbery. He was treated for a gunshot wound to the back left shoulder. Following standard procedure, hospital personnel contacted the police. The defendant was later arrested at the hospital.

Jose Jordan, the defendant's brother, and Harold Evans, the defendant's step-father, testified for the defense. Jordan stated that the defendant had called him the night of the robbery and told him that, "[s]omeone tried to rob him, and he ran, and they shot him." Jordan then picked his brother up and took him to the hospital. Evans stated that on the day of the robbery he dropped the defendant off at Pepper Tree Apartments around 5 p.m.

## I.

The defendant argues the evidence is insufficient to support the aggravated robbery convictions. Specifically, defendant contends the evidence is insufficient because only one of the two victims identified the defendant from the photo spread.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn.1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). The

appellant has the burden of overcoming this presumption of guilt.  Id.

Johnson identified the defendant as the man who robbed him.  He made the identification two days after the robbery in a photo spread and again at trial. Johnson had an opportunity to see the robber's face during their fight.  He stated that the struggle lasted approximately five (5) minutes.  Identification of a robber is a question of fact to be determined by the jury.  State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993).

Furthermore, the defendant's jacket was also identified as the jacket worn by the robber.  The jacket had dirt marks on the left sleeve that were consistent with the struggle that occured with Johnson outside of the apartment.  The defendant was admitted to the hospital at 8:40 p.m. for a gunshot wound, twenty minutes after the robbery.  Based on the above proof, a reasonable juror could conclude beyond a reasonable doubt that the defendant committed the robberies.  This issue is without merit.

The judgment of the trial court is AFFIRMED.


_____
JOE G. RILEY, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID H. WELLES, JUDGE

4