# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1997

FILED

July 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9604-CC-00126 |
| Appellee | ) | |
| | ) | MADISON COUNTY |
| vs. | ) | |
| | ) | Hon. FRANKLIN MURCHISON, Judge |
| WILLIAM HERBERT STITTS, | ) | |
| | ) | (Aggravated Robbery) |
| Appellant | ) | |

For the Appellant:

**DANIEL J. TAYLOR**
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301

**GEORGE MORTON GOOGE**
District Public Defender

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**M. ALLISON THOMPSON**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**DONALD H. ALLEN**
Asst. District Attorney General
P. O. Box 2825
Jackson, TN 38302

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

**OPINION**

The appellant, William Herbert Stitts, was found guilty by a Madison County jury of aggravated robbery, a class B felony. Following his conviction, the appellant was sentenced to twelve years in the Department of Correction. In this appeal as of right, the appellant contends that the evidence is insufficient to support his conviction for aggravated robbery. After a review of the record, we affirm the judgment of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R.

The proof at trial established that Harry Allen Stimpson and his wife, Jackie Stimpson, are the owners of The Olive Branch, a health food store in Jackson. On December 23, 1995, a man brandishing a tire iron entered the store and forcibly removed between five and six hundred dollars from the cash register. Additionally, while being struck on the head with the tire iron, Mr. Stimpson was robbed of his wallet, which contained approximately thirty to fifty dollars. During the course of the robbery, the perpetrator also "stomped" Mrs. Stimpson. Both victims described the robber as a "black male, medium complexion, height around 6'2" to 6'3", weighing between 225 to 250 pounds, having a round face with a moustache and wearing a green Army-type camouflage jacket, jeans, and low cut black shoes or boots." Both victims later identified the appellant from a police photographic line-up. Immediately following the robbery, a witness outside the store observed a man running beside the store building. The man then climbed over a privacy fence at the back of the property. Police officers made a plaster cast of a shoe print found in the mud at this location. A forensic scientist with the Tennessee Bureau of Investigation testified that the shoe print cast was consistent in size, shape, and tread design with a pair of black shoes owned by the appellant. During their testimony, both victims positively identified the appellant as the perpetrator.

2

It is undisputed that the perpetrator, by means of a deadly weapon, knowingly obtained money and property from the persons of the victims by violence.  See Tenn. Code Ann. § 39-13-402 (1991).  Moreover, the proof establishes that a rational trier of fact could find, beyond a reasonable doubt, that the appellant was the perpetrator.  Tenn. R. App. P. 13(e).  In State v. Strickland, this court held that the testimony of a victim identifying the perpetrator is sufficient in and of itself to support a conviction. State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn. Crim. App.1993).  Accordingly, after a review of the evidence in this case, we conclude that this is an appropriate case for affirmance under Rule 20 of the Court of Criminal Appeals.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
WILLIAM M. BARKER, Judge

3