IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 26, 2016

**STATE OF TENNESSEE v. CARL ADKINS**

**Appeal from the Circuit Court for Henderson County**
**No. 141051    Roy B. Morgan, Judge**

_____

**No. W2015-01810-CCA-R3-CD  -  Filed May 24, 2017**

_____

Defendant, Carl Adkins, was found guilty by a jury of the offense of rape of a child and was sentenced to serve twenty-five years in the Department of Correction.  In this appeal, Defendant challenges the legal sufficiency of the evidence to support his conviction, specifically asserting that (1) his identity as the perpetrator was not proven beyond a reasonable doubt because the victim could not identify him in court, and (2) the victim gave contradictory testimony at trial under oath.  Following a careful review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Michael Thorne, Lexington, Tennessee, for the appellant, Carl Adkins.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

The State presented the testimony of three witnesses at trial, including a forensic interviewer, the victim, and an investigator with the Henderson County Sheriff's Department.  The State also introduced into evidence the audio/video recording of the victim's statement to the forensic interviewer, in compliance with T.C.A. § 24-7-123.  We will summarize the evidence that is relevant to the issue raised in this appeal.

Ivie Capps testified that she is a forensic interviewer and that she interviewed the victim, who was a few days away from being five years old, in April 2014. During cross-examination, defense counsel asked Ms. Capps what information she had about the allegations prior to conducting the forensic interview with the victim. She answered, "[t]he allegations that I had were, [the victim] reported that her step-father, Carl Adkins, plays the kissy-butt game and sees bubbles come out her step-father's private part." She had received the information from Investigator Lacy Shemerick with the Dothan, Alabama, police department. The initial report to law enforcement and the forensic interview were in Dothan because the victim was visiting her father and paternal grandparents at the time she disclosed the allegations. Investigator Shemerick told Ms. Capps that the investigation in Dothan was done as a courtesy to the Henderson County Sheriff's Department, because the criminal acts occurred in Henderson County, Tennessee.

The victim testified at trial that she was six years old. She demonstrated her knowledge of the difference between telling the truth and telling a lie. She acknowledged that she must tell the truth in court. She testified that she had watched the video of the forensic interview a few days prior to trial. The victim added that she told the truth in what she said during the recorded forensic interview.

In the forensic interview, the victim stated that "Daddy Carl" had made her "kiss" his "thing" that he "tinkled from" and that "white stuff" came out of "Daddy Carl's" "thing." During the forensic interview, the victim moved her head forward and backward multiple times to show the movement she made when "kissing" "Daddy Carl" on his "thing."

When the victim was asked by the prosecutor at trial whether the victim could see "Daddy Carl" in the courtroom, she shook her head to indicate "no," even after standing up from the witness seat and being asked by the prosecutor to move with her to get a better view. The victim testified that "Daddy Carl" is married to the victim's mother. She added that she is scared of "Daddy Carl" since "all this happened."

During cross-examination the victim testified that she had played the "kissy game" with "Daddy Shawn." She also testified that she had seen "Daddy Shawn" without his clothes on. The record reflects that "Daddy Shawn" is the victim's biological father.

In addition to what is summarized above relative to the forensic interview, the victim provided in the forensic interview the following information pertinent to the issue presented on appeal. "Daddy Carl," the victim's step-father, lives with the victim and her mother. The victim stated that she had "secrets" with "Daddy Carl." The secrets

included the victim and "Daddy Carl" kissing each other's "booties." The victim described that she kissed "Daddy Carl's" "thing that he tinkled from" and identified this on a drawing shown to her by Ms. Capps. The victim testified that "Daddy Carl's "thing" was "big" and it was "up," and that she "kissed" it when "Daddy Carl" was lying down on her mother's bed. As noted above, she demonstrated her head going in a forward and backward motion multiple times to show how she was "kissing" "Daddy Carl's" "thing." The victim also showed how "Daddy Carl" went up and down on his "thing" with his hand before "white stuff" came out. The victim stated that her pants and underwear were off when playing this "kissing game" with "Daddy Carl" and that his pants were off and his underwear was pulled down to around his knees. "Daddy Carl" called the "white stuff" that came out "tinkle." "Daddy Carl" had his hands up on his own head while lying on the bed while the victim was "kissing" his "thing."

David Dowdy, an investigator with the Henderson County Sheriff's Department, testified that he investigated "the incident and the referral involving [Defendant]." The location of the incident was a residence in Reagan, Henderson County, Tennessee. Investigator Dowdy testified that the victim was living in the same residence as Defendant during the time frame of the sexual assault described by the victim. Investigator Dowdy testified that after completing his investigation, he brought the criminal charge against Defendant. Investigator Dowdy's testimony also indicated that Defendant is married to the victim's mother.

Investigator Dowdy testified that when he interviewed Defendant, Defendant was asked to describe the victim as to "what kind of child" she is. Defendant's description indicated that the victim was "a very smart, truthful child."

The State rested its case after Investigator Dowdy testified, and Defendant rested without presenting any proof.

*Analysis*

As set forth previously, Defendant's specific challenge to the legal sufficiency of the evidence is that the victim could not identify him at trial as the perpetrator, "Daddy Carl" and that the victim gave contradictory testimony at trial while under oath.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). The appellate court determines "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443

U.S. 307, 319 (1979). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004). Instead, this court affords the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences that may be drawn from that evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). "A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). The conviction replaces the presumption of innocence with a presumption of guilt, and the accused has the burden of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

This court applies the same standard of review regardless of whether the conviction was predicated on direct or circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 381 (Tenn. 2011). "Circumstantial evidence alone is sufficient to support a conviction, and the circumstantial evidence need not exclude every reasonable hypothesis except that of guilt." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012).

The identity of the perpetrator "is an essential element of any crime." *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006). Identity "may be established solely on the basis of circumstantial evidence." *State v. Lewter*, 313 S.W.3d 745, 748 (Tenn. 2010). Identity is a question of fact for the jury to determine after consideration of all the evidence. *State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993).

The offense of rape of a child is defined as the "unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age." T.C.A. § 39-13-522(a). "Sexual penetration" includes: sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required[.] Id. § 39-13-501(7).

Taking the proof in the light most favorable to the State, the direct and circumstantial evidence shows that Defendant Carl Adkins engaged in sexual penetration of the victim, who was four years old at the time, by inserting his penis into the victim's mouth. This incident occurred at the home in Henderson County in which both the victim and Defendant resided with the victim's mother, who was married to Defendant.

Defendant argues that because the victim could not identify him in court during the trial, then the evidence is legally insufficient to support the conviction. It is true that, for whatever reason, the victim could not identify Defendant in the courtroom. However,

- 4 -

the victim clearly testified at trial, and/or during the forensic interview that: (1) "Daddy Carl" committed the acts which constituted the elements of rape of a child; (2) "Daddy Carl" was married to her mother; (3) "Daddy Carl" lives with the victim and her mother; and (4) the victim had a "secret" with "Daddy Carl" that they "kiss booties." Investigator Dowdy testified that he investigated the referral and the incident involving Defendant Carl Adkins. During the investigation he confirmed that Defendant and the victim resided in the same house and that Defendant is married to the victim's mother. After concluding the investigation, including a review of the forensic interview evidence, Investigator Dowdy brought the criminal charge against Defendant. Upon questioning during cross-examination about what information she had prior to conducting the forensic interview of the victim, Ms. Capps testified that "[t]he allegations that I had were, [the victim] reported that her step-father, [Defendant] Carl Adkins, plays the kissy-butt game and sees bubbles come out of her step-father's 'private part.'" Notwithstanding the victim's failure to identify "Daddy Carl" in the courtroom during the trial, there was sufficient evidence to prove beyond a reasonable doubt that "Daddy Carl" committed the offense of rape of a child and that "Daddy Carl" is Defendant Carl Adkins.

Defendant's assertion that the evidence is insufficient because the victim gave contradictory testimony is without merit. Inconsistencies in the proof are resolved by the trier of fact. *See State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996).

Defendant is not entitled to relief in this appeal. Accordingly, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE