IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2004

## STATE OF TENNESSEE v. ANTHONY WILLIAMSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-13070    Chris Craft, Judge**

_____

**No. W2004-01251-CCA-R3-CD  - Filed December 30, 2004**

_____

The Defendant, Anthony Williamson, was convicted by a jury of robbery.  He was subsequently sentenced as a Range III offender to serve fifteen years in the Department of Correction.  In this appeal, the Defendant challenges the sufficiency of the convicting evidence.  Finding the evidence legally sufficient to support the Defendant's conviction, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Robert Wilson Jones, Shelby County Public Defender and W. Mark Ward, Assistant Shelby County Public Defender, for the appellant, Anthony Williamson.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The only witness who testified at the Defendant's trial was the victim of the robbery.  She testified that on February 17, 2000, the date of the robbery, she was employed as a financial aid officer at Remington College, formerly known as Southeast College, in Memphis.  On that date, during her lunch hour, she drove her car to a credit union office to cash her federal income tax refund check.  She parked her car near the front door of the credit union and went in to conduct her business.  She came out of the credit union with approximately two hundred dollars, in addition to a small amount of cash she already had in her wallet.  As she walked to her car holding the cash in the same hand with her wallet, the Defendant approached her and asked her how to get to an address that he had written on a piece of paper.  She told the Defendant that she was not familiar with the

address he had shown her, and she got into her car. The Defendant immediately entered the passenger door of her car and said, "give me your wallet." She said he spoke in a "commanding" and "serious" voice, and she knew not to question him. She said she was "very, very scared." The Defendant then took her wallet, got out of her car and ran. The victim drove the short distance back to her place of employment where her boss called the police. She testified that the Defendant took the two hundred dollars she had just gotten from the credit union, plus perhaps another ten dollars which she had in her wallet, along with credit cards and other items. The victim never recovered any of the property taken.

The victim was subsequently shown photo spreads by police officers. From these photo spreads the victim identified the Defendant as the person who had taken her wallet. She stated that when she saw the Defendant's picture she was positive he was the person who had taken her wallet, that there was no doubt about it. She also identified the Defendant in court as the person who took her wallet and cash, stated that she was one hundred percent sure that it was him and that there was no doubt in her mind that the Defendant was the one who robbed her that day. The Defendant offered no proof at his trial.

Based upon this evidence, the jury found the Defendant guilty of robbery, a Class C felony. Following a sentencing hearing, the trial court sentenced the Defendant as a Range III persistent offender to serve fifteen years in the Department of Correction.[1] On appeal, the Defendant argues that the evidence of his identity as the culprit is insufficient to support the verdict of guilt beyond a reasonable doubt.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's

---

[1] In this appeal the Defendant does not challenge his sentence. In his brief, he notes that the trial judge "only considered the prior convictions of the Appellant and a prior parole violation which was admitted by the appellant in the sentencing hearing."

witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. <u>See</u> <u>State v. Bland</u>, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. <u>See</u> <u>Evans</u>, 108 S.W.3d at 236; <u>Bland</u>, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. <u>See</u> <u>Evans</u>, 108 S.W.3d at 236-37; <u>Carruthers</u>, 35 S.W.3d at 557.

Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear. Tenn. Code Ann. § 39-13-401. A person commits theft if, with intent to deprive the owner of the property, the person knowingly obtains or exercises control over the property without the owner's effective consent. Tenn. Code Ann. § 39-14-103. In this case, we conclude that the evidence is sufficient to establish that a robbery was perpetrated upon the victim. Indeed, the Defendant does not argue otherwise. The Defendant does argue, however, that the evidence of his identity as the person who robbed the victim is insufficient to justify a rational trier of fact in finding his guilt of the crime beyond a reasonable doubt. We disagree.

The identification of a defendant as the person who committed the offense for which a defendant is on trial is a question of fact for the determination of the jury based upon its consideration of the evidence presented. <u>State v. Strickland</u>, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). This Court has consistently held that the testimony of a victim, in and of itself, is sufficient to support a conviction. <u>Id.</u>; <u>State v. Antonio Fuller</u>, No. M2002-02377-CCA-R3-CD, 2004 WL 1562546, at *6 (Tenn. Crim. App., Nashville, July 13, 2004); <u>State v. Vidal L. Strickland</u>, No. M2002-01714-CCA-R3-CD, 2003 WL 22243440, at *11 (Tenn. Crim. App., Nashville, Sept. 30, 2003); <u>State v. Brian L. Faulkens</u>, No. 02C01-9809-CR-00283, 1999 WL 314766, at *3 (Tenn. Crim. App., Jackson, May 20, 1999); <u>State v. Joseph Michael Shelton</u>, No. 01C01-9505-CC-00144, 1996 WL 129837, at *5 (Tenn. Crim. App., Nashville, March 22, 1996).

Our supreme court has acknowledged that "accuracy of eye witness testimony is affectable by the usual universal fallabilities of human sense perception and memory." <u>State v. Dyle</u>, 899 S.W.2d 607, 612 (Tenn. 1995). In <u>Dyle</u>, our high court promulgated a new instruction to be provided to juries when identification of a defendant as the perpetrator is a material issue in a trial. <u>See</u> <u>id.</u> A review of the record in this case reflects that the jury was properly instructed in accordance with our supreme court's opinion in <u>Dyle</u>.

At trial, the victim of the robbery testified that she was "positive" that the person whose photo she picked out from the photo spread, identified as the Defendant, was the person who robbed her. Further, at trial, she identified the Defendant in open court, stating that she had no doubt about her identification and that she was "one hundred percent" sure. We conclude that the evidence presented at trial was sufficient to support the findings by the jury that the Defendant was guilty of the robbery of the victim beyond a reasonable doubt. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE