IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 11, 2005

## STATE OF TENNESSEE v. PERRY BARNUM

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-05705     James C. Beasley, Jr., Judge**

_____

**No. W2004-01353-CCA-R3-CD  - Filed March 4, 2005**

_____

The defendant appeals his conviction for robbery, (1) contesting the sufficiency of the identification evidence, and (2) contending that his enhanced sentence of fourteen years was imposed errantly in light of Blakely v. Washington.  Upon review, we conclude that the evidence was indeed sufficient to support the jury's verdict and that the defendant's prior convictions warrant the enhanced sentence of fourteen years.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Robert Wilson Jones, District Public Defender, and Robert Hayes Gowen, Assistant Public Defender, for the appellant, Perry Barnum.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Nicole Duffin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following a jury trial, the defendant, Perry Barnum,[1] was convicted of one count of robbery (a Class C felony).  At the sentencing hearing, the trial court found two enhancement factors to be applicable and sentenced the defendant to fourteen years as a Range III, persistent offender; the judgment was entered on April 16, 2004.  On May 27, 2004, the defendant filed an untimely motion for new trial, which was overruled by the trial court; the defendant also filed a notice of appeal to this Court on that day.  On appeal, the defendant challenges the sufficiency of the identification

_____

[1] The defendant's name is spelled interchangeably as "Barnum,"  "Barnham," and "Barham" throughout the record.  The style of this Court's opinion contains the name "Barnum," which is used in the both the indictment and the judgment of the trial court.

evidence and the enhanced sentence of fourteen years, in light of the Supreme Court's recent holding in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004).

Facts

The record reflects that in the early morning hours of February 17, 2002, the victim, Debra Smith, was attacked as she attempted to return to her apartment after visiting a casino. The assailant beat the victim with his fists, kicked her, and hit her with her cellular phone. During the attack, which lasted approximately five to ten minutes, the victim's phone and five dollars were taken from her. The victim testified that, as the assailant fled past a nearby light, she was able to see the individual. The victim then went inside her apartment and slept until later that morning.

A few hours later, the victim received a phone call from her husband, who informed her that her phone had been recovered by police. The victim subsequently went to the police station, where she identified her cellular phone and filed a police report, which included a brief description of her attacker. An officer later testified at trial that the description given by the victim in the report matched the defendant, who was found in possession of the victim's cellular phone. Thereafter, the victim was shown a photographic lineup of six individuals, From that lineup, the victim positively identified the defendant as her attacker.

The defendant now appeals, contending that the identification evidence was insufficient to support the verdict and that the enhanced sentence was imposed in error. In response, the State argues that: (1) the motion for new trial and notice of appeal were untimely, therefore the appeal should be dismissed; (2) the evidence was sufficient to support the conviction; and (3) the conviction should stand because the defendant's prior convictions justify the enhanced sentence of fourteen years.

Untimely Motion for New Trial and Notice of Appeal

The State argues that the defendant's appeal should be dismissed for failure to timely file his motion for new trial and notice of appeal. The State correctly argues that the defendant's motion for new trial was untimely and that this Court does not have authority to waive the untimely filing of a motion for new trial. See Tenn. R. Crim. P. 33(b); State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). Moreover, the State correctly asserts that an untimely motion for new trial deprives the defendant of the opportunity to argue on appeal any issues that were or should have been raised in the motion for new trial. State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997).

However, in the present case, the issues presented on appeal were not required to be raised in the motion for new trial. State v. Williams, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984) (citing State v. Durham, 614 S.W.2d 815, 816 n.1 (Tenn. Crim. App. 1981)). As such, they are not waived. Further, the untimely notice of appeal, unlike the motion for new trial, is not jurisdictional and can be waived by this Court "in the interest of justice." Tenn. R. App. P. 4(a). Therefore, concluding

that it is in the interest of justice, we will waive the untimely notice of appeal and proceed to the merits of the defendant's argument.

## Sufficiency of the Evidence

The defendant first challenges the sufficiency of the identification evidence to support the robbery conviction. In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

In the present case, the defendant challenges only the sufficiency of the identification evidence. Initially, we note that identification of the defendant as the individual who committed the offense is a question of fact for the jury. State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). Moreover, the victim's identification alone is sufficient to support a conviction. Id. In the present case, the victim testified that she was beaten and robbed at approximately two o'clock in the morning as she returned home from a casino. The victim further stated that, although her porch light and the nearest street light were out, she was able to identify her attacker because other lights in her apartment complex were lit and because the attacker turned to look at her as he ran toward a light. Moreover, an investigating officer testified that the victim's description given in the police report matched the description of the defendant, who was found to be in possession of the victim's cellular phone. Finally, the victim identified the defendant out of a photographic lineup of six individuals.

The jury in the present case accredited the testimony of the State's witnesses and found that the victim properly identified the defendant as the individual who attacked her. We likewise conclude that the identification evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. As such, we will not disturb the jury's verdict.

## Blakely

Second and finally, the defendant challenges his enhanced sentence based on the Supreme Court's recent holding in Blakely v. Washington. Blakely requires that enhancement factors be either admitted by the defendant or found by a jury determination beyond a reasonable doubt. Blakely, 124 S. Ct. at 2537. The sole exception to this rule is that state law may authorize a trial judge to increase a sentence beyond the maximum based upon "the fact of a **prior conviction**." Id. at 2536. The defendant contends that the trial court based its enhanced sentence of fourteen years, in part, upon an errant application of factor (12), which was neither admitted by the defendant nor found by the jury beyond a reasonable doubt.

In the present case, the defendant was convicted of robbery, a Class C felony, which carries a Range III penalty of between ten and fifteen years. The court found two enhancing factors applicable: (2) the defendant has a previous history of criminal convictions; and (12) the felony resulted in death or bodily injury or involved the threat of death or bodily injury to another person and the defendant has previously been convicted of a felony that resulted in death or bodily injury. The defendant received an enhanced sentence of fourteen years.

The trial court noted that the defendant had previously been convicted of: aggravated assault, sexual battery, aggravated robbery, driving on a revoked license, simple possession, possession of contraband inside a penal facility, attempted escape, and four counts of assault. The trial court further noted that it would:

> consider [the defendant's] prior criminal behavior, specifically the assaultive nature of a good number of his prior convictions. The court will put much more weight on that enhancement factor than the fact that this case involved bodily injury and he's had prior convictions involving bodily injury.

We conclude that the defendant's criminal history is so extensive as to warrant the enhanced sentence, notwithstanding the errant application of factor (12). Therefore, we affirm the enhanced sentence of fourteen years.

## Conclusion

We affirm the judgment and the sentence imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE