IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 26, 2005 Session

## STATE OF TENNESSEE v. JAMES THERON HALE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40300430     Michael R. Jones, Judge**

---

### No. M2004-00870-CCA-R3-CD - Filed March 29, 2005

---

The Defendant was found guilty by jury verdict of domestic assault, a Class A misdemeanor.  He was sentenced to eleven months and twenty-nine days with the sentence suspended, conditioned upon his successful completion of probation.  The Defendant now appeals, raising three issues: (1) there was insufficient evidence to support his conviction for domestic assault; (2) the trial court erred by not instructing the jury to elect the particular offense the Defendant was guilty of; and (3) the Defendant suffered a due process right violation when he was denied immediate access to his personal property.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Steven T. Richardson, Clarksville, Tennessee, for the appellant, James Theron Hale.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; John Carney, District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The record reflects that on May 1, 2003, the police responded to a report of a domestic disturbance at Ms. Joanne Hale's (the victim) home in Clarksville.  The Defendant, James Hale, was arrested and removed from the residence he shared with the victim, his seventy-year-old mother.  The Defendant was released on bond subject to certain conditions in an Order Granting Bail for Domestic Abuse, which included the proviso that he stay away from the victim's residence.  In August of 2003, the Defendant was indicted by a grand jury on three charges: (1) possession of

marijuana, (2) possession of drug paraphernalia, and (3) domestic assault. The Defendant requested and was granted severance of offenses, and received a jury trial on the assault charge in January of 2004.[1]

At trial, the victim testified that the Defendant--her son--had lived with her from 1987 until his arrest in May of 2003. She then described two separate incidents which led to the Defendant's conviction in this case. The victim first described an incident that "occurred a couple of days prior to May 1, 2003," in which the two parties argued over a blanket. The victim took a blanket from the Defendant's bedroom, which she said belonged to her. The Defendant disputed the victim's assertion of ownership and called the victim a "thief." The victim further testified that when she initially refused to surrender the blanket to the Defendant, the Defendant "told her that if he didn't get the blanket back in three (3) minutes, he was going to hit her." The victim stated that at the time she did not believe the Defendant would actually hit her, but shortly after his threat he "picked up a metal globe and hit her on the head with it three (3) times." Thereafter, as the victim backed out of the Defendant's room, he "threw the globe at her and hit her in the stomach with the globe."

At trial the victim also testified about a second incident which took place at her residence on May 1, 2003. Again, the victim and the Defendant became embroiled in an argument over a blanket, and at some point the Defendant pushed the victim. The victim stated that she became fearful and called her daughter. The victim's daughter called the Clarksville Police. Officer Mike Caver testified at trial that he responded to the report of a domestic disturbance and arrested the Defendant based upon the victim's statement regarding the altercation. Officer Caver also stated that he did not observe any visible injuries on the victim, and discovered no physical evidence of an assault.

The defense called several character witnesses who testified about the rocky relationship the victim and Defendant shared. Chris Chaney, a friend of both the victim and the Defendant, testified that the two often had minor altercations, and he once observed the victim throw an ashtray at the Defendant. Jason Bell, also a friend of both the Defendant and the victim, testified that he had seen the two involved in altercations in the past. According to his testimony, the victim usually started the altercations while the Defendant normally tried to defuse the situation, often by encouraging the victim to "take her medication."

The Defendant declined to testify on his own behalf. The State, in closing statements, informed the jury that it need only prove fear of bodily harm for a Defendant to be found guilty of assault, and argued that the Defendant's act of throwing of the metal globe caused the victim the requisite fear. The trial court instructed the jury on the charge of assault, and after deliberation the jury returned a verdict of guilty of assault. The trial court next instructed the jury on domestic assault, and after further deliberation the jury returned a verdict of guilty of domestic assault.

A sentencing hearing was conducted immediately after the trial. The trial court sentenced the Defendant to eleven months and twenty-nine days, but suspended the sentence and granted the

---

[1]The matter before this Court concerns only the domestic assault charge.

Defendant probation. The Defendant filed a petition for post-trial diversion and a motion for a new trial, both of which were denied by the trial court. The Defendant timely filed a notice of appeal.

## ANALYSIS

On appeal, the Defendant now argues the following three issues: (1) the evidence was insufficient to sustain a verdict of guilt on the charge of domestic assault; (2) the trial court erred in failing to instruct the jury that they must decide upon a particular offense that the Defendant was guilty of in order to protect his right to a unanimous jury verdict; and (3) that the Defendant's due process rights were violated by the State's failure to provide immediate access to the Defendant's personal property. We disagree with the Defendant as to his first claim, and conclude that the remaining two issues are waived.

### I. Sufficiency

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

The Defendant was convicted of domestic assault pursuant to Tennessee Code Annotated section 39-13-111. Domestic assault is the commission of "an assault as defined in [Tennessee Code Annotated section] 39-13-101 against a person who is that person's family or household member." Tenn. Code Ann. § 39-13-111(b). "Family or household member" includes a "person related by blood or marriage, or person who currently resides or in the past has resided with that person as if a family . . . ." Id. at § 39-13-111(a). A person commits an assault who "[i]ntentionally

or knowingly causes another to reasonably fear imminent bodily injury." Id. at § 39-13-101(a)(2). Thus, at trial, the State carried the burden of proving beyond a reasonable doubt that the Defendant: (1) intentionally or knowingly (2) caused the victim to reasonably fear imminent bodily injury, and (3) the Defendant and the victim were related by blood or resided together as if a family.

The Defendant claims the State presented insufficient evidence at trial to prove he assaulted the victim.[2] Specifically, the Defendant argues that the only evidence presented against him was the victim's own testimony, and this alone, without additional "corroborating evidence," was not sufficient to find him guilty. The Defendant also appears to argue that because he was charged with domestic assault--a conviction of which would abrogate his "fundamental" right to bear arms--he had more at stake than a defendant convicted of simple assault and therefore the burden of proving his guilt should have been higher. We disagree.

We first note that a transcript of the trial is not included in the record. However, pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure, the Defendant has filed a statement of the evidence presented at trial. As reflected in the statement of evidence, the victim testified that the Defendant hit her in the head with a metal globe three times and then threw it at her, hitting her in the stomach. The victim also testified that she was afraid the Defendant was going to hurt her. The Defendant argues that because no physical or circumstantial evidence supporting the victim's testimony of an assault was presented at trial, a reasonable jury could not have found him guilty.

The Defendant's claim that a victim's testimony must be corroborated by additional evidence before a defendant can be convicted of assault is unsupported by Tennessee law. A similar claim was rejected by this Court in a sexual assault case in which the defendant asserted there was insufficient evidence to support his assault conviction because the child victim's "testimony was not corroborated by any independent evidence." State v. Smith, 42 S.W.3d 101, 106 (Tenn. Crim. App. 2001). In rejecting this argument, we noted that there "is no requirement that a victim's testimony be corroborated . . . ." Id. Indeed, it is well established law that the testimony of a victim alone is sufficient to support a conviction. See State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). Here, a jury heard the witnesses' testimony first-hand and chose to accredit the testimony of the victim--as is the jury's prerogative. See State v. Wright, 836 S.W.2d 130, 134 (Tenn. Crim. App. 1992). As noted above, questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236. Therefore we conclude that the victim's testimony alone was sufficient evidence for a jury to find the Defendant guilty of the offense with which he was charged.

While not entirely clear, the Defendant also seems to argue that because federal law prevents those convicted of a domestic assault from possessing firearms, see 18 U.S.C.A. § 921(33), his "loss of a fundamental right" would mandate the State be charged with a higher burden of proof when

---

[2]The Defendant does not challenge the State's assertion that his relationship to the victim would establish the offense as a domestic assault if simple assault had been proved beyond a reasonable doubt.

seeking to convict him of domestic assault. The Defendant claims that he should not be stripped of his right to bear arms due to a domestic assault conviction unless his "use of physical force has been proven by something other than the testimony of the victim alone." While this may be an original argument, we note that the Defendant has failed to cite any legal authority in support of this argument as required by our rules. See Tenn Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7). Failure to comply with these rules will ordinarily constitute a waiver of the issue. See State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000). We find the Defendant has waived this argument.

Accordingly, we conclude that the Defendant has failed to demonstrate that the evidence was insufficient to support his conviction. After considering all the evidence presented in the light most favorable to the State, we conclude that the evidence was sufficient to support the Defendant's conviction for domestic assault beyond a reasonable doubt. This issue has no merit.

## II. Election Issue

The Defendant asserts that the trial judge erred when it failed to instruct the jury to elect the particular offense the Defendant was guilty of, if any, in order to ensure the Defendant received a unanimous jury verdict. Specifically, the Defendant claims that he was denied his right to a unanimous jury verdict when the victim testified of two separate incidents at trial, and the court subsequently failed to instruct the jury to elect the incident or set of facts upon which it based its verdict.

> Where there is
> evidence of multiple offenses, the precaution is the doctrine of election, which requires the state to elect and identify at the end of its case in chief the exact offense for which it seeks conviction. Where there is technically one offense, but evidence of multiple acts which would constitute the offense, a defendant is still entitled to the protection of unanimity . . . to a particular set of facts.

State v. Forbes, 918 S.W.2d 431, 446 (Tenn. Crim. App. 1995) (internal citations omitted). We briefly note that in this case, the indictment specifies an assault with a globe. According to the "statement of evidence," the State, in its closing arguments, clearly described the sole offense of assault for which it sought a conviction as the incident in which the Defendant hit the victim with a metal globe. Thus, it appears that the Defendant's claim of an election error is without merit. However, we need not analyze the substantive claim as presented because we find the Defendant has procedurally waived the issue by failing to raise it in his motion for a new trial.

It is well settled law that a failure to raise an issue other than sentencing or sufficiency of evidence in a motion for a new trial waives that issue for purposes of appellate review. See Tenn. R. App. P. 3(e). We recognize that we may take notice at any time, within our discretion, of an error that affects a substantial right of an accused, even though not raised in motion for new trial, where it may be necessary to do substantial justice. See Tenn. R. Crim. P. 52(b); State v. Ray, 880 S.W.2d 700, 705 (Tenn. Crim. App. 1993) (holding that failing to raise an issue in a motion for new trial

waives the issue on appeal "except for purposes of plain error review"). However, we have determined that this issue does not invite plain error review. See State v. Adkisson, 899 S.W. 2d 626, 611 (Tenn. Crim. App. 1994). Accordingly, the election issue raised by the Defendant on appeal is deemed waived.

## III. Due process rights violation

In the Defendant's final issue on appeal, he claims that his "Due Process rights were violated by the State's failure to provide immediate access to the Defendant's personal property." Specifically, the Defendant asserts that he was "denied access to 'any' of his possessions" from May 1, 2003, the date of his arrest, to "early April 2004," because of the conditions "imposed" upon him by the "Order Granting Bail for Domestic Abuse Cases."[3] It is unclear exactly what error the Defendant believes the trial court committed, or what remedy he now seeks from this Court.

First, we note that the Defendant admits he did not raise this issue at trial. Additionally, we find that he also did not include this issue in his motion for a new trial. Therefore, we conclude the Defendant has waived this issue for purposes of appellate review. See Tenn. R. App. P. 3(e).

Second, even if the issue had been preserved for appellate review, because the Defendant failed to cite any relevant legal authority in support of his argument, as required by our rules, the issue is procedurally waived. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7). While the Defendant quoted the general due process language from the federal and Tennessee constitutions, he cited to no legal authority which would support his assertion that the trial court in this case violated his due process rights because of "the State's failure" to provide him with immediate access to his personal property. Under these circumstances, we are not obligated to review this issue as it is presented and we deem it waived. A criminal defendant may appeal as of right from a judgment of conviction, from an order denying or revoking probation, or from a final judgment in criminal contempt, habeas corpus, extradition, or a post-conviction proceeding. See Tenn. R. App. P. 3(b). It appears the Defendant is challenging the conditions of his bail order issued by the General Sessions Court of Montgomery County. While it is not entirely clear what the exact nature of the Defendant's claim is, it does not appear to relate to his conviction of domestic assault in the trial court--the case now before us on review.

## CONCLUSION

We find sufficient evidence to support the Defendant's conviction for domestic assault. We conclude that all other issues raised on appeal are waived. Accordingly, the judgment of the trial court is affirmed.

                          _____

                          DAVID H. WELLES, JUDGE

---

[3]Following his arrest for domestic assault, the Defendant was released on bail with the condition that he "vacate or stay away from the home of the alleged victim."