IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2006

**STATE OF TENNESSEE v. RONALD CLINTON**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-03211    Carolyn Wade Blackett, Judge**

_____

**No.  W2005-02210-CCA-R3-CD  - Filed October 9, 2006**

_____

Following a jury trial, Defendant, Ronald Clinton, was convicted of one count of the unauthorized use of a motor vehicle, a Class A misdemeanor; one count of evading arrest, a Class E felony; and one count of simple assault, a Class A misdemeanor.  Following a sentencing hearing, the trial court sentenced Defendant to eleven months, twenty-nine days for each misdemeanor conviction, and six years as a Range III, career offender, for his felony conviction, and ordered the sentences to be served consecutively.  Defendant does not challenge the sufficiency of the evidence supporting his assault conviction, or the length or manner of service of his sentences.  In his appeal, Defendant argues that the evidence was insufficient to support his convictions for the unauthorized use of a motor vehicle and felony evading arrest.  After a thorough review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

Robert Wilson Jones, District Public Defender; Garland Erguden, Assistant Public Defender; and Constance Barnes, Assistant Public Defender, Memphis, Tennessee, for the appellant, Ronald Clinton.

Paul G. Summers, Attorney General and Reporter; Sofia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stacy McEndree, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I.  Background**

At trial, the trial court allowed the State to read into the record George Christian's former testimony at Defendant's preliminary hearing based upon Mr. Christian's unavailability to the State as a witness at the time of trial.  *See* Tenn. R. Evid. 804.  In his former testimony, Mr. Christian

stated that he drove his black, 1999 Ford F-150 truck to a drug store around 9:30 p.m. on January 27, 2004.  Mr. Christian left his vehicle unlocked and the engine running while he went inside the store to purchase medicine for his son.  When he returned to the parking lot, his truck was missing. Mr. Christian did not see the person who stole his truck.

Officer Chad Conley testified that he was on patrol on January 31, 2004, when he received a call from the dispatcher based on an anonymous tip concerning a possibly stolen black Ford F-150 truck which was parked at the Whispering Pines Apartments.  Officer Conley arrived at the apartment complex at approximately 3:00 a.m. and noticed the described vehicle backed into a parking space.  Officer Conley turned off his headlights and approached the truck on its passenger side.  Officer Conley stated that the parking lot was dark, and he used a flashlight to illuminate the area.  He shone the flashlight into the truck's open window and saw a pair of eyes open up.  A man was crouched in the front seat.  The African-American man was wearing blue overalls or a jump suit, and a black toboggan with an insignia.  The man was alone in the vehicle.

Officer Conley said that both he and the occupant of the truck were startled.  Officer Conley drew his weapon, told the man to raise his arms, and began to back away from the truck.  The man sat up, started the truck's engine, and drove away.  Officer Conley attempted to follow the truck in his patrol car but lost sight of the vehicle after it turned onto Airways Boulevard.  Officer Conley identified Defendant at trial as the driver of the Ford F-150 truck.

After the incident, Officer Conley resumed his patrol duties.  Between 5:15 a.m. and 5:30 a.m., Officer Conley spotted a black Ford F-150 truck driving southbound on Elvis Presley Boulevard and began to follow the vehicle.  The truck did not have a license plate, but the temporary registration number on the plaque in the back window matched the temporary registration number of the vehicle previously spotted at the Whispering Pines Apartments.  Officer Conley radioed for back-up.  When other patrol cars approached the area, Officer Conley activated his emergency equipment.  The truck drove away from the intersection.  Officer Conley said that he pursued the truck for between thirty seconds and two minutes before he received word to abandon the pursuit. Officer Conley said the pursuit was canceled because it had not been verified at that time that the vehicle was actually stolen.  Officer Conley said he and the other officers dispersed, returning to their normal duties.

Sometime later that morning, Officer Conley received a report that a black Ford F-150 truck had crashed into one of the buildings at the Whispering Pines Apartments.  When Officer Conley arrived at the scene, another police officer had a man in custody who was wearing a blue jump suit and a black toboggan with an insignia.  Officer Conley identified the man as the same person he had seen in a black Ford F-150 earlier that morning at the Whispering Pine Apartments.

Officer Albert Parks testified that he responded to the report concerning the black Ford F-150 truck crashing into a building at the Whispering Pines Apartments.  The report included a description of an African-American male who was wearing blue overalls and a black skull cap.  Officer Parks was traveling on Dwight Street when he noticed a man matching the dispatcher's description

crawling through a hole in a fence. The man ran in front of Officer Parks' patrol car. Officer Parks exited his vehicle and called out for the man to stop. The man looked back at Officer Parks but continued running toward another apartment complex.

Officer Parks stated that it was very dark around the apartment buildings in the area, and he lost sight of the running man. Officer Parks eventually discovered the man crouching in front of an apartment. Officer Parks advised the man to show his hands. Officer Parks said that the man stood up and attacked him. The man struck Officer Parks with his fist in the chest a few times, and then Officer Parks and the man fell to the ground, still wrestling. Other police officers arrived and helped restrain the man.

Officer Parks said that he could not identify his assailant because it was very dark, and the physical altercation only lasted two or three minutes. Officer Parks said that he did not have any more contact with the man after he was handcuffed and placed in the squad car. Officer Parks acknowledged that at the preliminary hearing he identified the wrong man as his assailant.

Officer Jason Moore responded to the report of a wrecked truck at the Whispering Pines Apartments. While he was viewing the black Ford F-150, an unidentified resident told him that an African-American man wearing blue overalls and a black cap had run away from the truck into the apartment complex after the wreck.

Lieutenant Phillip Funderburk testified that the vehicle identification number of the black Ford F-150 which was wrecked at Whispering Pines Apartments matched the vehicle identification number of Mr. Christian's stolen vehicle.

## II. Sufficiency of the Evidence

Defendant's challenge to the sufficiency of the evidence supporting his convictions of the unauthorized use of an automobile and felony evading arrest is directed toward the identification evidence presented at trial. When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of

guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

As relevant in the case *sub judice*, "[i]t is unlawful for any person, while operating a motor vehicle on a street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop." T.C.A. § 39-16-603(b)(1). The offense of unauthorized use of an automobile involves the taking of a motor vehicle without the consent of the owner when "the person does not have the intent to deprive the owner thereof." *Id.* § 39-14-106.

The identity of the perpetrator is an essential element of any crime. *See State v. Thompson*, 519 S.W.2d 789, 793 (Tenn.1975). The reliability of an in-court identification depends on the totality of the circumstances, "including the opportunity of the witness to view the offender at the time of the crime, the witness's degree of attention, the accuracy of the prior description of the offender, the level of certainty of the witness at the confrontation, and the length of time between the crime, and the confrontation." *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140 (1977); *Rippy v. State*, 550 S.W.2d 636, 639-40 (Tenn. 1977)); *State v. Beal*, 614 S.W.2d 77, 82 (Tenn. Crim. App. 1981) (citing *Neil v. Biggers*, 409 U.S. 188, 199, 93 S. Ct. 375, 382, 34 L. Ed. 2d 401 (1972). The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. *State v. Radley*, 29 S.W.3d 532, 536 (Tenn. Crim. App.1999) (citing *State v. Strickland,* 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993)). The identity of the perpetrator of a crime may be accomplished by either direct or circumstantial evidence, or both. *Thompson*, 519 S.W.2d at 793.

Officer Conley identified Defendant as the occupant of the black Ford F-150 parked at the Whispering Pines Apartments at approximately 3:00 a.m. on January 31, 2004. Officer Conley ordered Defendant to raise his hands, but Defendant fled in the vehicle. Defendant was alone in the vehicle. Approximately two hours later, Officer Conley again spotted the black Ford F-150 driving southbound on Elvis Presley Boulevard. Although Officer Conley could not identify the driver of the F-150, Officer Conley followed the vehicle and ascertained that the temporary registration number of the vehicle was the same number as the one displayed on the black Ford F-150 seen earlier at Whispering Pines Apartments. Officer Conley signaled for the vehicle to stop by activating his emergency signals, but the vehicle drove off.

Later that morning, the black Ford F-150 was again discovered at the Whispering Pine Apartments where it had crashed into one of the apartment buildings. Defendant was apprehended near the vicinity of the car. Officer Conley identified Defendant as the occupant of the Ford F-150 discovered earlier that morning at Whispering Pines Apartments. The vehicle identification number of the vehicle found at the scene matched the vehicle identification number of the black Ford F-150 reported as stolen by Mr. Christian.

Based on our review of the record, the combination of direct and circumstantial evidence was sufficient to identify Defendant as the perpetrator of the offenses of felony evading arrest and the unauthorized use of a motor vehicle, and sufficient for a rational trier of fact to find beyond a reasonable doubt that Defendant was guilty of the offenses. Defendant is not entitled to relief on this issue.

## CONCLUSION

After a thorough review of the record, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE