IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2006

## STATE OF TENNESSEE v. MARCO HUGHLETT

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-02145     W. Mark Ward, Judge**

----

**No. W2005-02321-CCA-R3-CD  - Filed November 17, 2006**

----

Defendant, Marco Hughlett, was indicted under alternative theories, charging Defendant in count one with committing aggravated robbery by violence, and in count two, with committing aggravated robbery by placing the victim in fear. The jury convicted Defendant under both counts. Following a sentencing hearing, the trial court sentenced Defendant as a Range I, standard offender, to eleven years for each conviction. The trial court merged Defendant's conviction of aggravated robbery in count two with his conviction of aggravated robbery in count one. In his sole issue on appeal, Defendant challenges the sufficiency of the convicting evidence. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, joined.

Melanie E. Taylor, Memphis, Tennessee, for the appellant Marco Hughlett.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; Pamela Fleming, Assistant District Attorney General; and Chris Scruggs, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

## I. Background

Suellen Cho testified that early on the morning of November 15, 2002, she pulled her vehicle into a gas station to fill up before leaving on a trip. Ms. Cho left the keys in the ignition and the engine running while she went into the gas station to purchase a cold drink. Kyongo Cho, Suellen Cho's mother, remained in the car. Suellen Cho said she was paying for her purchase when she first noticed her mother quickly exiting the vehicle, followed by the vehicle being driven away.

Kyongo Cho testified that she saw a red vehicle pull into the pump area behind her daughter's car. Ms. Cho saw an African-American man walk from the red vehicle toward her daughter's vehicle. The man opened the driver's side door of Ms. Cho's vehicle and pointed a gun at her. Ms. Cho started to leave the vehicle with her purse, but the man told her to leave it in the car. Ms. Cho said that she left her purse in the vehicle because she was afraid the man would shoot her.

On cross-examination, Kyongo Cho said that it was still dark when she and her daughter pulled into the gasoline station, but the station's grounds were well lit. Ms. Cho said she was unable to identify Defendant as her assailant from a photographic line-up immediately after the incident, but she recognized Defendant when she saw him in the courtroom during a subsequent court proceeding. Ms. Cho stated that the incident was over quickly. Ms. Cho said the perpetrator was wearing a light gray shirt and dark pants.

Sandra Pritt testified that she pulled her red Chevrolet Suburban up to the gasoline pump behind the Cho vehicle, a Dodge Durango. Ms. Pritt noticed an African-American male approaching from her right. She locked her Suburban and began walking toward the station. When she reached the passenger side of the Durango, Ms. Pritt saw that the man she had noticed earlier had pulled out a gun and was pointing it at Kyongo Cho. Ms. Pritt observed Ms. Cho exit the Durango, and then saw the man drive the Durango off the gasoline station's premises. Ms. Pritt tried to get the license plate number of the Durango, and then called 911. She described the perpetrator to the police as approximately five feet, ten inches tall, in his mid-twenties, light to medium complected, and wearing a cream-color hooded jacket. Ms. Pritt identified Defendant from a photographic lineup on November 26, 2002. Ms. Pritt said at trial she was ninety-nine percent sure that the man in the photograph was the perpetrator of the robbery at the time that she viewed the photographic line-up. Ms. Pitt identified Defendant at trial as the perpetrator of the offense.

On cross-examination, Ms. Pritt said that she called 911 about the incident between 5:30 a.m. and 6:00 a.m. on November 15, 2002. Ms. Pritt acknowledged that she was nearsighted, but she said she was less than ten feet away from Defendant when she observed the commission of the offense. Ms. Pritt acknowledged that her husband was a police officer with the Memphis Police Department, and that she had discussed the case with him "maybe twice."

Sergeant Terry Lyons, with the Memphis Police Department, testified that he received a tip through Crime Stoppers that a vehicle matching the description of the Cho vehicle had been spotted in the Frayser area of Memphis. Sergeant Lyons and another officer located the vehicle on November 26, 2002. Sergeant Lyons parked his unmarked police car about a block away. The Durango pulled out of its parking space approximately one hour later. Sergeant Lyons called for a patrol car and followed the vehicle. The Durango pulled into a driveway, and a man exited from the passenger side and started to run. Sergeant Lyons' partner called out for the man to stop, and he did. The man was then handcuffed and taken into custody. Sergeant Lyons identified Defendant as the passenger in the car. His photograph was included in the photographic line-up shown to Ms. Pritt. Sergeant Lyons said that Ms. Pritt identified the photograph of Defendant as the perpetrator of the offense.

On cross-examination, Sergeant Lyons acknowledged that he never saw Defendant drive the Durango. Investigating officers searched Defendant and the Durango, but did not conduct a search of Defendant's house. The gun used during the incident was not found. Sergeant Lyons said that he knew Ms. Pritt's husband who worked on the same floor as Sergeant Lyons at the police station. Sergeant Lyons acknowledged that he showed Ms. Pritt's husband a surveillance tape made at the gasoline station at the time the offense was committed, primarily to show him how close Ms. Pritt had come to being a victim herself. Sergeant Lyons said that the facial features of the man on the tape were too indistinct for identification. The tape showed Ms. Pritt pull in behind the Durango. An African-American man walked towards Ms. Pritt's Suburban. Ms. Pritt exited her vehicle and passed the man as they both arrived at the rear of the Suburban. The man continued on to the Durango and opened the door. Kyongo Cho exited the Durango, and the man drove off.

Sergeant Lyons said that Defendant told the investigating officer after he was arrested that he had bought the Durango from a man named "Chris" in a parking lot in front of a Kroger's Grocery Store.

Arlandis Horton testified that Defendant came over to his house on November 26, 2002, after he arrived home from work. Defendant was driving a Dodge Durango which he said belonged to his cousin. The two men left to buy something to eat, and Mr. Horton said that he drove the Durango because Defendant did not have a driver's license. Mr. Horton said that they noticed they were being followed by a police car, and Defendant pulled out a spray bottle and began cleaning the dashboard. Mr. Horton said the cleanser smelled like alcohol. Defendant told Mr. Horton to pull into a driveway. Defendant jumped out of the Durango after Mr. Horton stopped the vehicle. Mr. Horton said that he had seen Defendant driving the Durango about three to seven days earlier.

## II. Sufficiency of the Evidence

Defendant's challenge to the sufficiency of the evidence is directed toward the identification evidence presented at trial. When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

As relevant in the case *sub judice*, the offense of aggravated robbery is defined as a robbery "accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." T.C.A. § 39-13-402(a)(1). "Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." *Id*. § 39-13-401(a).

The identity of the perpetrator is an essential element of any crime. *See State v. Thompson*, 519 S.W.2d 789, 793 (Tenn. 1975). The reliability of an in-court identification depends on the totality of the circumstances, "including the opportunity of the witness to view the offender at the time of the crime, the witness's degree of attention, the accuracy of the prior description of the offender, the level of certainty of the witness at the confrontation, and the length of time between the crime, and the confrontation." *State v. Beal*, 614 S.W.2d 77, 82 (Tenn. Crim. App. 1981) (citing *Neil v. Biggers*, 409 U.S. 188, 199, 93 S. Ct. 375, 382, 34 L. Ed. 2d 401 (1972); *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140 (1977); *Rippy v. State*, 550 S.W.2d 636, 639-40 (Tenn. 1977)). The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. *State v. Radley*, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999) (citing *State v. Strickland*, 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993)).

Kyongo Cho testified that Defendant opened the driver's side of her daughter's vehicle, pointed a gun at her, and made her get our of the vehicle, while leaving her purse behind. Ms. Cho said that the perpetrator drove the Durango off the premises of the gasoline station. Ms. Cho could not initially identify Defendant as the perpetrator when shown a photographic line-up immediately after the incident. Ms. Cho said, however, that she recognized Defendant as her assailant when she saw him at a subsequent court proceeding.

Ms. Pritt stated that she observed the perpetrator point a gun at Kyongo Cho and make Ms. Cho get out of the Durango before driving the vehicle away. Ms. Pritt testified that she was standing less than ten feet from Defendant during the commission of the offense. Ms. Pritt 's physical description of the perpetrator, which was given at the time of the offense, matched Defendant's physical description. Ms. Pritt subsequently identified Defendant as the perpetrator from a photographic lineup. Defendant was apprehended while riding as a passenger in Suellen Cho's Durango. Mr. Horton testified that Defendant told him that the Durango was his vehicle, and that Mr. Horton was driving the Durango when Defendant was apprehended because Defendant did not have a driver's license. Mr. Horton said that Defendant was acting strangely when the police were observed following them.

Defendant appears to argue that Ms. Pritt's identity testimony was not credible because of her affiliation, through her husband, with the Memphis Police Department. By its verdict, however, the jury obviously resolved any issues of identification in favor of the State's witnesses who identified Defendant as the perpetrator of the offenses. Based on our review of the record, we conclude that a rational trier of fact could find beyond a reasonable doubt that Defendant was guilty of the offense of aggravated robbery. Defendant is not entitled to relief on this issue.

**CONCLUSION**

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE