# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 5, 2016

## STATE OF TENNESSEE v. DEANGELO KEY

### Appeal from the Criminal Court for Shelby County
### No. 13-04402     Chris Craft, Judge

### No. W2015-00135-CCA-R3-CD  -  Filed March 16, 2016

The defendant, Deangelo Key, was convicted of aggravated robbery, a Class B felony, and sentenced to nine years at 85% in the Department of Correction.  On appeal, he argues that the evidence is insufficient to sustain his conviction.  Following our review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Stephen Bush, District Public Defender; Phyllis Aluko (on appeal) and Amy Mayne (at trial), Assistant Public Defenders, for the appellant, Deangelo Key.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Amy P. Weirich, District Attorney General; and Omar Z. Malik, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Lee Fifer, the victim, testified that on March 28, 2013, he and his family were outside their Memphis home discussing the recent burglary of their home and theft of their Xbox.  Their neighbor, Dominique Williams, whom the victim suspected of committing the burglary and theft, pulled up in an Impala, and more people pulled up in a black Camry.  The defendant and Moses Williams got out of another car and approached the victim.  The defendant pointed a gun at the victim's head and then hit him with the gun.  The men ordered the victim to turn around and then went through his pockets,

taking $1200 in cash and his phone. As the men turned to leave, the defendant pointed his gun in the direction of the victim and his family and said, "I'll kill you and your kids. F*** you, B****." The victim subsquently identified the defendant from a photographic lineup as the man "who took [his] rent money." He also identified the defendant in the courtroom.

Kathryn Lester, the mother of the victim's children, testified that on March 28, 2013, she and their children lived with the victim in a townhouse on Sharp Street. When they returned home that day, they noticed their Xbox had been stolen and filed a police report. After the police left, Dominique Williams and the victim "had altercations or words" about the stolen Xbox. Ms. Lester explained that Ms. Williams was a relative of the defendant and lived "a house down" from Ms. Lester and the victim. Ms. Lester and the children were outside with the victim when the defendant, wearing a red hoodie, pulled up in a Grand Prix and got out of the car with a silver gun. She saw the defendant and Moses Williams, Dominique Williams' boyfriend, approach the victim. One of the men told the victim, "Put your hands on the car [and] [g]ive me what you got in your pockets." Ms. Lester grabbed the children and went inside the house. Shortly thereafter, the victim came in the house, and his head was bleeding. Ms. Lester subsequently identified the defendant from a photographic lineup as the man who got out of the Grand Prix with a silver gun.

Latricia Tiggs, a neighbor of the victim and Ms. Lester, testified that on March 28, 2013, she saw a man wearing a red hoodie point a gun at the victim, put his hands in the victim's pockets, and then hit the victim on the head with the gun. Another man was standing behind the victim, but Ms. Tiggs did not "see him do anything." After the man in the red hoodie hit the victim with the gun, the men left.

Officer Cecil Fowler of the Memphis Police Department testified that he responded to a possible burglary/disturbance call at the victim's residence. Officer Fowler and his partner took a report of a stolen Xbox and then left the scene. About half an hour later, Officer Fowler responded to a robbery call at the same address. Officer Fowler said that the victim had an injury to the right side of his head and was bleeding. Officer Fowler acknowledged that the victim gave conflicting statements as to how the robbery occurred.

Detective Maranda Jones of the Memphis Police Department testified that she took the victim's statement on March 29, 2013, wherein the victim said that Courtney Key and Moses Williams committed the robbery. However, when shown a photographic array, the victim identified the defendant as the one who robbed him at gunpoint and said that he knew him as "Courtney." Detective Jones said she did not believe the victim knew the defendant's name.

The defendant testified that he and his cousin, Courtney Key, went to the victim's residence in a red Ford Explorer on March 28, 2013. The defendant denied having a gun but said that Mr. Key had a silver one. Mr. Key and the victim began arguing and scuffling, and then Mr. Key hit the victim in the head with the gun. The defendant denied wearing a red hoodie that day or taking anything from the victim's pockets. He said that Mr. Key wore the red hoodie and that the other witnesses were untruthful in their testimony.

Following the conclusion of the proof, the jury convicted the defendant as charged of aggravated robbery.

## ANALYSIS

The defendant argues that the evidence is insufficient to support his conviction for aggravated robbery, saying that the victim's testimony was "riddled with irreconcilable inconsistencies." The State acknowledges that there were inconsistencies between the victim's prior statements and his testimony at trial but argues that the evidence is sufficient to establish the defendant's identity as the man who robbed the victim at gunpoint.

In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). The same standard applies whether the finding of guilt is predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

A criminal offense may be established entirely by circumstantial evidence. State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010). It is for the jury to determine the weight to be given the circumstantial evidence and the extent to which the circumstances are consistent with the guilt of the defendant and inconsistent with his innocence. State v. James, 315 S.W.3d 440, 456 (Tenn. 2010). In addition, the State does not have the duty to exclude every other reasonable hypothesis except that of the defendant's guilt in order to obtain a conviction based solely on circumstantial evidence. See State v. Dorantes,

3

331 S.W.3d 370, 380-81 (Tenn. 2011) (adopting the federal standard of review for cases in which the evidence is entirely circumstantial).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Aggravated robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear" when it is "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. §§ 39-13-401(a), -402(a)(1).

In the light most favorable to the State, the evidence establishes that the defendant, who was armed with a gun, and Moses Williams approached the victim at his residence. The defendant pointed the gun at the victim, hit him in the head with the gun, and ordered him to turn around. He then took $1200 in cash and the victim's phone from his pockets. Although the victim initially reported to the police that "Courtney Key" was the person who robbed him at gunpoint, both he and Ms. Lester identified the defendant as the gunman from photographic lineups. In addition, Detective Jones explained that she thought the victim was confused about the defendant's name. Defense counsel thoroughly cross-examined the victim regarding his identification of the defendant and pointed out any inconsistencies in his testimony.

4

"Identification of a defendant as the person who committed the offense for which he or she is on trial is a question of fact for the jury's determination upon consideration of all competent proof." State v. Thomas, 158 S.W.3d 361, 388 (Tenn. 2005) (citing State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993)). The jury assessed the credibility of the witnesses and obviously accredited the victim's testimony that the defendant was the armed robber over that of the defendant, who claimed to have played no role in the crime. We will not second-guess the jury's determination. Accordingly, the evidence is sufficient for a rational trier of fact to find that the defendant committed the offense.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE